UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CANDACE Y. FORD,

 Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

 Defendant.

Case No. 3:14-cv-105

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

  This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 5. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon *pro se* Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 18), Plaintiff's reply (doc. 19), the administrative record (doc. 7),[2] and the record as a whole. Given her *pro se* status, Plaintiff's filings and arguments are liberally construed in her favor. *Cecil v. Comm'r of Soc. Sec.*, No. 3:13-CV-265, 2014 WL 7176203, at *1 (S.D. Ohio Sept. 16, 2014) (citation omitted).

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI in April 2010 alleging a disability onset date of July 18, 2008. PageID 270-80. Plaintiff claims she is disabled due to chemical sensitivity, high blood pressure and diabetes. PageID 308.

After initial denials of her applications, Plaintiff received a hearing before ALJ Shirley Moscow Michaelson on April 10, 2012, where Plaintiff appeared *pro se*.[3] PageID 92-146. On September 19, 2012, the ALJ issued a written decision finding Plaintiff not disabled. PageID 68-86. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since July 18, 2008, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: history of chemical sensitivity, chemical conjunctivitis, chronic follicular conjunctivitis, and chronic allergic conjunctivitis (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform

---

[3] On or about September 7, 2011, Plaintiff submitted an Appointment of Representative form to the Social Security Administration ("SSA") identifying attorney Marilyn Donoff as her attorney of record in the case. PageID 227. Ms. Donoff withdrew from representing Plaintiff on or about November 29, 2011, *i.e.*, before the administrative hearing. PageID 230.

      light work as defined in 20 CFR 404.1567(b) and 416.967(b),[4] but is limited to working indoors, in a well-ventilated environment without concentrated exposure to chemicals.

6.     The claimant is capable of performing her past relevant work as a scheduler, outpatient admitting clerk, and appointment clerk. This work does not require the performance of work-related activities precluded by the claimant's assessed [RFC] (20 CFR 404.1565 and 416.965).

7.     The claimant has not been under a disability, as defined in the Social Security Act, from July 18, 2008, through the date of this decision (20 CFR 404.1520(1) and 416.920(1)).

PageID 73-86.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's nondisability finding the final administrative decision of the Commissioner. PageID 61-63. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff, proceeding *pro se*, then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**     **Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 73-86. Plaintiff, in her Statement of Errors, discusses the medical evidence of record, but argues that most, if not all, of her medical records were "falsified" by her medical providers in an effort "to cover up the severity of [her] injuries from [t]oxic [c]hemical [e]xposures." Doc. 10 at PageID 1453-57. Except as otherwise noted in this Decision and Entry,

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.*

the undersigned incorporates the ALJ recitation of the evidence and addresses Plaintiff's allegations of falsified records where necessary and relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Id. Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773 (brackets added).

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can he or she perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can he or she perform other work available in the national economy?

20 C.F.R. § 416.920(a)(4)); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 20, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) denying her request to subpoena witnesses to appear and testify at the administrative hearing; (2) failing to fully

develop the record by requesting medical source opinions; (3) in determining her RFC and credibility; and (4) in relying on Vocational Expert's ("VE") testimony. Doc. 10 at PageID 1451-64. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered the medical evidence at issue, accurately determined Plaintiff's RFC, properly assessed Plaintiff's credibility, acted within her discretion concerning development of the record, and properly relied on the VE's testimony. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence and affirms the ALJ's non-disability finding.

### A. Subpoenas

Plaintiff asserts error in the ALJ's failure to subpoena witnesses, including three physicians, to the administrative hearing to present testimony. Doc. 10 at PageID 1457. Social Security regulations state that, "[w]hen it is reasonably necessary for the full presentation of a case, an [ALJ] . . . may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses[.]" 20 C.F.R. § 404.950(d)(1). Further:

> Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the [ALJ] or at one of our offices at least 5 days before the hearing date. The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.

20 C.F.R. § 404.950(d)(2). Simply put, "the regulation authorizes the issuance of subpoenas when 'reasonably necessary for the full presentation of a case,' and requires the party desiring a subpoena to file a written request indicating why a subpoena is necessary and stating the

'important facts' that the subpoenaed witness or document is expected to prove." *Calvin v. Chater*, 73 F.3d 87, 90 (6th Cir. 1996) (internal citation omitted); *see also Flatford v. Chater*, 93 F.3d 1296, 1300 (6th Cir. 1996).  Thus, claimants have no absolute right to subpoena witnesses for testimony at the administrative hearing and reviewing Courts analyze such decisions by applying an abuse of discretion standard.  *See Flatford*, 93 F.3d at 1300.

Here, the Commissioner first argues that Plaintiff failed to request the subpoenas in advance of the administrative hearing.  Doc. 18 at PageID 1498-99.  The record contains a letter from Plaintiff to the Commissioner dated March 29, 2012 -- thirteen days before the April 10, 2012 hearing -- requesting that nine witnesses be subpoenaed to "show how [Plaintiff's] medical records are falsified and the truth of what happened to me."  PageID 534.  The Court notes the fax header, however, shows that the letter was faxed to the Social Security Administration on November 16, 2012 -- seven months after the administrative hearing.  *Id*.  Accordingly, a question exists as to the timeliness of the request.  The lack of a formal ruling by the ALJ on Plaintiff's subpoena request, and the fact that the request was not among the documents listed as part of the record before the ALJ at the hearing, *see* PageID 87-91, lend support to the Commissioner's contention that such request was not submitted until after the hearing.

Assuming, *arguendo*, the request was timely, the Commissioner also argues that Plaintiff's request fails to set forth the specific facts each witness is expected to prove or a statement as to why the facts to be presented by each witness are reasonably necessary to the proceeding.  Doc. 18 at PageID 1499.  The Court agrees that Plaintiff's request only vaguely mentions the "facts" the witnesses were expected to prove -- *i.e.*, "how [Plaintiff's] medical records are falsified and the truth of what happened to [her]" -- and sets forth no information as to why testimony from these witnesses was reasonably necessary to the proceeding.

Accordingly, because the request does not meet the requirements of the regulation, denial of the subpoena requests would not amount to an abuse of discretion.

Further, the Court finds that, in light of the numerous documents submitted by Plaintiff, *see* PageID 415-20, 528-697, 1171-72, 1177, 1191, 1200, 1202, 1207, 1217, 1232, 1235, 1265, 1267-68, 1273, 1275, 1277, 1359, 1361, 1363, 1367, 1370, 1375-80, 1424, 1426, and her own testimony at the administrative hearing, PageID 96-139 -- all of which highlight the purported falsities in her medical records -- testimony from these witnesses was not reasonably necessary.[5] Accordingly, even assuming, *arguendo*, the subpoena requests complied with the requirements of the regulation, the ALJ's purported denial of such request does not amount to an abuse of discretion where such facts were part of the record without issuance of the subpoena. *See* 20 C.F.R. § 950(d)(2). Nevertheless, Plaintiff suffered no harm as a result of any such denial.

Finally, the Court notes that Plaintiff never raised the subpoena issue at any time during the administrative hearing. *See Luukkonen v. Comm'r of Soc. Sec.*, No. 1:13-cv-1115, 2015 WL 1119747, at *2 (W.D. Mich. Mar. 11, 2015) (finding no error in the ALJ's rejection of plaintiff's subpoena request where "[p]laintiff did not insist that a subpoena was necessary for the full presentation of her case by renewing her request for a subpoena, [or] by objecting to the lack of ruling on her initial request for subpoena"). In fact, three of the witnesses listed by Plaintiff were present at the hearing and available for testimony and she did not object to -- and in fact accepted -- the ALJ's conclusion that their testimony was not necessary. *Id*.

Based upon all of the foregoing, the Court overrules Plaintiff's first alleged error concerning subpoenas and the calling of witnesses at the administrative hearing.

---

[5] Further, Plaintiff wanted her mother to testify that she does not smoke or us drugs. PageID 136. The ALJ so believed Plaintiff, and, therefore, found no need to call Plaintiff's mother as a witness. *Id*. Plaintiff also requested that Saadia Crutcher testify regarding facts wholly irrelevant to Plaintiff's disability; namely, that Plaintiff was not waiting outside a hospital in December 2010 when Ms. Crutcher arrived to pick her up. *See* PageID 135.

**B.     Development of the Record**

Plaintiff also argues that the ALJ erred by failing to fully develop the record -- by requesting written RFC opinions from John H. Boyles, Jr., M.D. and Morris L. Brown, M.D., both of whom treated her.  Doc. 10 at PageID 1457.  Plaintiff generally "bears the ultimate burden to prove by sufficient evidence that she [or he] is entitled to disability benefits." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir. 2003) (citing 20 C.F.R. § 404.1512(a)).  However, "[t]here are a few special circumstances -- when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures -- where the ALJ has a special duty to develop the record." *Lambdin v. Comm'r of Soc. Sec.*, 62 F. App'x 623, 625 (6th Cir. 2003) (citing *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)).

In this case, Plaintiff was without counsel at the time of the administrative hearing, although she was represented by counsel for a period of time at the administrative level.  *See* PageID 227-30.  Further, the record demonstrates that previous counsel provided information to the SSA.  PageID 95-96.  Nevertheless, even without counsel, Plaintiff capably presented her case at the administrative hearing, PageID 92-146, and at no time did she argue -- nor did the ALJ find -- that an opinion from any medical source was required "to determine whether [Plaintiff was] disabled."  *See* 20 C.F.R. 404.1520b(c)(1)[6] (stating that the ALJ "*may* recontact [a] treating physician . . . or other medical source" where he or she has "insufficient evidence to determine whether [the claimant] is disabled, or if after weighting the evidence [he or she] determine[s] [he or she] cannot reach a conclusion about whether [the claimant is] disabled"); *cf.*

---

[6] Prior versions of 20 C.F.R § 404.1512 and § 416.912 were amended in 2012 "to eliminate recontacting [medical sources] as a requirement." *Lee v. Colvin*, No. CIV.A. 13-705-SDD, 2015 WL 3604133, at *4 (M.D. La. June 5, 2015).  "The purpose of the change was to give adjudicators more flexibility in determining how to best obtain information, with the goal of making disability determinations more quickly and efficiently." *Id.*

*Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (concluding that an ALJ has no duty "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped").

Assuming, *arguendo*, that the ALJ had such a special duty, Plaintiff fails to demonstrate how the lack of RFC opinions from Drs. Boyles and Brown would have altered the ALJ's conclusion. *See Bowling v. Shalala*, 36 F.3d 431, 437 (5th Cir. 1994) (stating that courts "shall, however, reverse an ALJ's decision for failure to develop the record adequately only if a claimant shows that he was prejudiced as a result of the hearing"). Here, notably, Dr. Boyles wrote a letter on August 28, 2008, stating that he saw Plaintiff "on two occasions[7] -- on 6/26/08 and 08/28/08" and noted that "[s]he has no symptoms of biologic inhalant or food allergy[,]" and that "[h]er physical examination on both occasions has been unremarkable." PageID 719. Given such statements by Dr. Boyles, it is not likely that any opinion solicited from him would have impacted on the ALJ's decision. The same conclusion applies to Dr. Brown who, in July 2008, noted a normal examination of Plaintiff despite her complaints of burning sensations to her face, nose, lips, and throat. PageID 842. Accordingly, the Court finds no merit to Plaintiff's alleged error in this regard.

### C. RFC and Credibility Determinations

Plaintiff also asserts error in the ALJ's RFC determination. The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. § 404.1527(e). Thus, the

---

[7] Social Security regulations define a treating physician as a physician who provides, or has provided, the claimant "with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the claimant. 20 C.F.R. § 404.1502. A claimant has "an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that" the claimant currently sees, or previously saw, "the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Id*. A doctor treating or evaluating a claimant "only a few times or only after long intervals" may be considered a "treating source if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)." *Id*.

final responsibility for deciding a claimant's RFC is reserved to the Commissioner. 20 C.F.R. § 404.1549(e)(2). A person's RFC is the most that individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

Here, the ALJ found that Plaintiff retained the RFC to perform light work, but is limited to working indoors, in a well-ventilated environment without concentrated exposure to chemicals. PageID 77. In doing so, the ALJ relied on the opinions of Plaintiff's treating ophthalmologist Patrick Spencer, D.O.[8] and record reviewing physician Leanne M. Bertani, M.D.[9] PageID 183, 196, 1093-95. The ALJ also relied, in part, on Plaintiff's own statements, which the ALJ gave "some weight." PageID 84.

Despite Plaintiff's contention that she cannot "work indoors in any type of chemical exposure, concentrated or not[,]" *see* doc. 10 at PageID 1462, the Court finds that the ALJ properly weighed the opinions of medical sources in compliance with the regulations, *see* 20 C.F.R. § 404.1527; set forth reasons supported by substantial evidence in the record for the weight given; and reasonably assessed Plaintiff's credibility concerning the extent of her

---

[8] Dr. Spencer opined that Plaintiff has no functional limitations other than seeing, and that her ability to see was not significantly limited. PageID 1095. Dr. Spencer noted that Plaintiff stated that she has difficulty seeing when exposed to chemical irritants, but never noted any specific environmental limitation. *Id*. He also noted his belief that Plaintiff was employable. *Id*.

[9] Dr. Bertani reviewed Plaintiff's medical records and opined that she "should avoid concentrated exposure to fumes secondary to chemical conjunctivitis and sensitivity." PageID 196.

11

allegedly disabling symptoms. Most notably, no medical source of record opined that Plaintiff's limitations rendered her unable to work.

With regard to credibility, the ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A claimant's credibility comes into question when his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id*. To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Accordingly, the Court finds no error in the ALJ's RFC or credibility determinations and overrules Plaintiff's arguments in this regard.

    **D.**    **Vocational Expert Testimony**

Finally, Plaintiff argues that the ALJ erred by not relying on the Vocational Expert's testimony that an individual would be unemployable if "off task" over twenty percent of the time because of chemical sensitivities. PageID 141-42; doc. 10 at PageID 1451. The Court first notes that the ALJ found Plaintiff capable of performing her past relevant work. PageID 85-86. An

ALJ is "not required to solicit testimony from a VE in reaching his [or her] conclusion" as to whether a claimant is "capable of performing past relevant work[.]" *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010). Instead, the regulations state that an ALJ "*may* use the services of vocational experts . . . to obtain evidence . . . to help . . . determine whether [the claimant] can do . . . [his or her] past relevant work, given [his or her] [RFC]." 20 C.F.R. § 404.1560(b)(2).

Here, although not required to do so, the ALJ chose to rely on the VE's response to a hypothetical question in finding Plaintiff able to perform her past relevant work. *See* PageID 85-86. The VE testified that an individual with the RFC ultimately determined by the ALJ could perform Plaintiff's past relevant work. PageID 139-40. A VE's response to a hypothetical question -- that accurately portrays the claimant's impairments -- constitutes substantial evidence for determining whether or not a disability exists. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005) (citing *Varley v. Sec. of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)).

The VE did, however, testify that an individual would not be employable if off task twenty percent of the time as a result of his or her impairment, or absent more than three times per month. PageID 142. However, substantial evidence supports the ALJ's reasonable conclusion that Plaintiff is not so limited. In formulating a hypothetical, the ALJ need incorporate only those limitations that he or she accepts as credible. *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Accordingly, Plaintiff's arguments challenging the ALJ's reliance on the VE's testimony are without merit and overruled.

## IV.

For the foregoing reasons, the Court finds *pro se* Plaintiff's assignments of error unmeritorious, and further finds the ALJ's non-disability determination supported by substantial evidence. **IT IS THEREFORE ORDERED THAT**: (1) the Commissioner's non-disability finding is found supported by substantial evidence, and **AFFIRMED**; and (2) this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date:  September 28, 2015               *s/ Michael J. Newman*
                                         Michael J. Newman
                                         United States Magistrate Judge